FILED

12/14/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0112

DA 21-0112

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 315N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MARK JAY PRICHARD,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC-2020-666-JA
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Mark Jay Prichard, Self-Represented, Helena, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Bree Gee, Assistant Attorney General, Helena, Montana

      Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

            Submitted on Briefs:  November 3, 2021

                  Decided:  December 14, 2021

Filed:

                              _____
                                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mark Prichard appeals the order of the First Judicial District Court, Lewis and Clark County, affirming his conviction for speeding in violation of § 61-8-309(1), MCA, from the Lewis and Clark County Justice Court. We affirm.

¶3 After an October 23, 2020, bench trial, the Lewis and Clark County Justice Court found Prichard guilty of operating a motor vehicle at fifty miles per hour in a thirty-five mile per hour speed zone, in violation of § 61-8-309(1), MCA. Prichard, an attorney and member of the Montana State Bar, represented himself at the bench trial. The State presented testimony from Lewis and Clark County Sheriff's Deputy Chris Norris, who cited Prichard. Deputy Norris testified that he observed Prichard's vehicle traveling down Floweree Road above the speed limit, estimated Prichard's speed at fifty miles per hour, and confirmed the speed with his radar gun. Deputy Norris further testified the speed limit where Prichard was cited was thirty-five miles per hour. On cross-examination, Deputy Norris testified that he did not know how long the speed limit had been thirty-five miles per hour in that area.

¶4 The State rested and Prichard indicated he wished to file a motion for a judgment of acquittal. The Justice Court denied the motion but nonetheless allowed Prichard to argue.

2

Prichard argued he did not believe the State had met its burden of proof. He further argued the State was required to prove the thirty-five mile per hour speed limit "was actually established under [§ 61-8-309, MCA] and there was no evidence that that speed limit, that posted thirty-five, was ever established under [§ 61-8-309, MCA]." The Justice Court disagreed but allowed Prichard to put on a case.

¶5 After initially declining to testify, then asking to give a closing statement, Prichard was sworn in to testify. Prichard offered into evidence a copy of a 1997 Session Law version of § 61-8-303, MCA, to demonstrate "reasonable doubt as to whether the speed limit, 35 mile an hour speed limit, was established under [§ 61-8-309, MCA] or not."[1] In his closing argument, Prichard argued the State failed to establish the posted speed limit was established under § 61-8-309, MCA.

¶6 The Justice Court issued its judgment and order on November 9, 2020, finding Prichard guilty of operating a vehicle in excess of the thirty-five mile per hour posted speed limit in violation of § 61-8-309(1), MCA. The Justice Court imposed a 180-day suspended sentence and a fine of $70. Prichard appealed his conviction to the District Court, which affirmed Prichard's conviction.

¶7 The issue raised on appeal is whether sufficient evidence existed to support the Justice Court's conviction of Prichard.

---

[1] The 1997 Session Law repealed a subsection of § 61-8-303, MCA, allowing a thirty-five mile per hour speed limit on highways under construction or repair or on a highway being surveyed. Prichard contends the speed limit on Floweree Road could have been set under this repealed subsection. It is often said there are two seasons in Montana: winter and construction season. However, Prichard's argument ignores the short-term nature of roadwork and implies Floweree Road has been under construction or surveyed in perpetuity.

¶8     In an appeal from a justice court established as a court of record, the district court functions as an appellate court and the appeal is confined to a review of the record and questions of law. *State v. Seaman*, 2005 MT 307, ¶ 10, 329 Mont. 429, 124 P.3d 1137 (citing § 3-10-115(1), MCA). "This Court's constitutional power and obligation of final appellate review confer jurisdiction to hear an appeal from a district court's ruling." *Seaman*, ¶ 10 (citations omitted). As such, we review the Justice Court's factual findings for clear error and its legal conclusions for correctness. *Seaman*, ¶ 10.

¶9     In reviewing the sufficiency of the evidence, we determine whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. LaMere*, 2003 MT 49, ¶ 13, 314 Mont. 326, 67 P.3d 192.

¶10    Prichard contends the Justice Court erred by denying his motion for acquittal and finding him guilty because the State failed to prove all elements of the offense. Prichard argues that the State must prove whether the speed limit was "actually established" under § 61-8-309(1), MCA, or a temporary speed limit under § 61-8-309(2), MCA.

¶11    A fundamental principle of the criminal justice system is that the State must prove each element of a crime beyond a reasonable doubt. *State v. Laird*, 2019 MT 198, ¶ 59, 397 Mont. 29, 447 P.3d 416 (citations omitted). If a defendant believes the State failed to present evidence proving every element of the charged crime, they may request the court dismiss the case for insufficient evidence. *Laird*, ¶ 59. A defendant is entitled to an acquittal "if reasonable men could not conclude from the evidence taken in a light most

4

favorable to the prosecution that guilt has been proven beyond a reasonable doubt." *LaMere*, ¶ 19 (citations omitted).

¶12 "The testimony of a single witness the [factfinder] finds credible 'is sufficient for proof of any fact, except perjury and treason.'" *State v. French*, 2018 MT 289, ¶ 16, 393 Mont. 364, 431 P.3d 332 (quoting § 26-1-301, MCA). An inference is "a deduction which the trier of fact may make from the evidence." Section 26-1-501, MCA. Inferences "must be founded: (1) on a fact legally proved; and (2) on a deduction from that fact that is warranted by a consideration of the usual . . . course of business . . ." Section 26-1-502, MCA.

¶13 To prove Prichard guilty of violating § 61-8-309, MCA, the State needed to introduce evidence that Prichard was traveling in excess of the posted speed limit. At the bench trial, Deputy Norris testified that Prichard was traveling fifty miles per hour and that the speed limit in the area Prichard was cited was thirty-five miles per hour. Prichard did not present evidence rebutting Deputy Norris's testimony. Instead, Prichard contends the Justice Court improperly inferred the speed limit was established under § 61-8-309(1), MCA.

¶14 Section 61-8-303(1), MCA, provides the following three basic speed limits: eighty miles per hour for interstate highways (sixty-five miles per hour within an urbanized area); seventy miles per hour daytime (sixty-five miles per hour nighttime) for all other public highways; and twenty-five miles per hour for urban districts. Several exceptions exist to these default speed limits. Section 61-8-310, MCA, allows local authorities to set special school zone speed limits and serves as an exception to § 61-8-303, MCA. Another

5

exception is found in § 61-8-312, MCA, which establishes special speed limits for heavy trucks, truck tractors, and motor-driven cycles. Likewise, § 61-8-314, MCA, establishes special speed limits for construction zones and work zones.

¶15 Section 61-8-309(1), MCA, serves as an additional exception to the speed limits set forth in § 61-8-303, MCA. Pertinently, § 61-8-309(1)(a)(i), MCA, provides the state transportation commission the authority to adjust speed limits from the default speed limits of § 61-8-303, MCA:

> If the commission determines upon the basis of an engineering and traffic investigation that a speed limit set by 61-8-303 or 61-8-312 is greater or less than is reasonable or safe under the conditions found to exist at an intersection, curve, or dangerous location or on a segment of a highway less than 50 miles in length under its jurisdiction, or on a highway corridor under its jurisdiction greater than 50 miles in length on which increased crash frequency or fatal crash data is observed, the commission may set a reasonable and safe special speed limit at that location or corridor. In the case of a school zone adjacent to a state highway, the commission is not required to base its speed limit determination solely upon the results of the engineering and traffic investigation.

This statute also allows the commission to, pending completion of an engineering and traffic investigation pursuant to subsection (1), "temporarily set a speed limit of not less than 75 miles an hour on a segment of an interstate highway that it reasonably believes is not suitable for the limit established in 61-8-303(1)(a)." Section 61-8-309(2), MCA. The Department of Transportation is required to "erect and maintain appropriate signs giving notice of special limits. . . . When the signs are erected, the limits are effective for those zones at all times or at other times that the commission sets." Section 61-8-309(3), MCA. Speed limit signs are "official traffic control devices . . . presumed to have been placed by an official act or at the discretion of a lawful authority." Section 61-8-201(3), MCA. The

6

"violation of a speed limit established under this section, except subsection (2), is a misdemeanor offense and punishable as provided in 61-8-711." Section 61-8-309(6)(a), MCA.

¶16    Prichard was not driving a heavy truck. Nor was Prichard driving in a school or construction zone. Section 61-8-303, MCA, does not provide a thirty-five mile per hour speed limit. The only temporary speed limit allowed under § 61-8-309(2), MCA, is a speed limit "of not less than 75 miles an hour on a segment of an interstate highway . . . ." Prichard does not contend Floweree Road is an interstate highway, nor does the record support such a conclusion. The speed limit on Floweree Road was thirty-five miles per hour, less than the statutory minimum of seventy-five miles per hour under subsection (2), inferring the speed limit could not be temporary. As subsection (2) could not apply, the speed limit on Floweree Road must be a permanent speed limit established under subsection (1). Moreover, Prichard does not contend the speed limit sign was improperly posted, nor does he assert the speed limit was not thirty-five miles per hour. Rather, Prichard focuses on the 1997 Session Law to argue the speed limit was not established under § 61-8-309(1), MCA. We cannot say this inapplicable statute constitutes "reasonable doubt." Accordingly, the Justice Court properly inferred that the thirty-five mile per hour speed limit was established under § 61-8-309(1), MCA.

¶17    Sufficient evidence existed to support the Justice Court's conviction of Prichard. Prichard's conviction is affirmed.

¶18    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

7

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE